UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JOSE TORRES,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK; New York City Police Department ("NYPD") Officer ("P.O.") Carmella Cameron (Shield No. 21789), In Her Individual Capacity; and P.O.s JOHN DOE 1 through 9, In Their Individual Capacities (The names being fictitious, as the true names and shield numbers are not presently known);

                                        Defendants.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

12 Civ. 4732 (ARR)(VVP)

        **WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendants, as follows:

        1.    As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") personnel and disciplinary related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the

NYPD, the Civilian Complaint Review Board, or other agency, and other documents that may, during the pendency of this litigation, be designated "Confidential Material" by the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed

consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

6. This Protective Order will survive the termination of the litigation and will continue to be binding upon all person to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once this case has been resolved, including all appeals, the confidential documents, including all copies and non-conforming copies thereof, shall not be used by plaintiff or plaintiff's counsel for any purpose.

7. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

9. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, his family members, or other persons, and such information shall not be include in documents publicly filed with the Court.

Dated: New York, New York
April 29, 2013

JANE MOISAN, ESQ.
Rankin & Taylor, PLLC
*Attorneys for Plaintiff*
11 Park Place
Suite 914
New York, NY 10007
(212) 226-4507

By: _____
JANE MOISAN, ESQ.

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-173
New York, New York 10007
(212) 356-2648

By: _____
JENNY WENG, ESQ.
Senior Counsel


SO ORDERED:

_____
HON. VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated _____ in the action entitled *Jose Torres v. City of New York, et al.* 12 CV 4732 *(ARR)(VVP)*, understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____         _____
Date                                                    Signature

                                                        _____
                                                        Print Name

                                                        _____
                                                        Occupation